BRIAN E. WASHINGTON, COUNTY COUNSEL
Edward F. Sears, Deputy County Counsel (SBN 297775)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Suite 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
ned.sears@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
COUNTY OF MARIN, JORGE YAUGER,
BRIAN JOHNSON, DUSTIN YEAGER, and
JULIET DE LA CRUZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET LEEDS, individually and as successor-in-interest to DECEDENT, DERREK LEEDS,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF MARIN, JORGE YAUGER; BRIAN JOHNSON; DUSTIN YEAGER; JULIET DE LA CRUZ; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 4:25-CV-04227-JST<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  May 16, 2025<br>Trial Date:        Not Set |

Defendants County of Marin, Jorge Yauger, Brian Johnson, Dustin Yeager, and Juliet De La Cruz (collectively "Defendants"), by and through their counsel of record, hereby answer plaintiff Janet Leeds' ("plaintiff") Complaint for Damages as follows:

### INTRODUCTION

1.     As to the allegations contained in the paragraph 1, Defendants deny the allegations contained in this paragraph.

**JURISDICTION AND VENUE**

2.      As to the allegations contained in paragraph 2, Defendants admit that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Defendants deny the remaining allegations contained in this paragraph.

3.      As to the allegations contained in paragraph 3, Defendants admit that this case is properly venued in the United States District Court for the Northern District of California.

**PARTIES**

4.      As to the allegations contained in paragraph 4, Defendants admit that Derrek Leeds ("Decedent") died on or about May 30, 2024 in the Marin County Jail located in the County of Marin. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

5.      As to the allegations contained in paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

6.      As to the allegations contained in paragraph 6, Defendants admit that the County of Marin is a political subdivision of the State of California organized under the laws of the State of California and located within this judicial district with the capacity to be sued. Defendants further admit that the Marin County Sheriff's Office is a department of the County of Marin. Defendants deny the remaining allegations contained in this paragraph.

7.      As to the allegations contained in paragraph 7, Defendants admit that Jorge Yauger was employed by the County of Marin as a deputy sheriff and was on duty at the Marin County Jail at the time of the incident in question on May 30, 2024. Defendants further admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

8.      As to the allegations contained in paragraph 8, Defendants admit that Brian Johnson was employed by the County of Marin as a deputy sheriff and was on duty at the Marin County Jail at the time of the incident in question on May 30, 2024. Defendants further admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

9.      As to the allegations contained in paragraph 9, Defendants admit that Dustin Yeager was employed by the County of Marin as a detention registered nurse and was on duty at the Marin County Jail at the time of the incident in question on May 30, 2024. Defendants further admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

10.     As to the allegations contained in paragraph 10, Defendants admit that Juliet De La Cruz was employed by the County of Marin as a detention registered nurse at the time of the incident in question on May 30, 2024. Defendants further admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

11.     As to the allegations contained in paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

12.     As to the allegations contained in paragraph 12, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

13.     As to the allegations contained in paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

14.     As to the allegations contained in paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15.     As to the allegations contained in paragraph 15, Defendants incorporate each and every answer to paragraphs 1 through 14 of plaintiff's complaint, as if set forth in full.

16.     As to the allegations contained in paragraph 16, Defendants admit that Decedent died while in custody at the Marin County Jail. Defendants deny the remaining allegations contained in this paragraph.

17.     As to the allegations contained in paragraph 17, Defendants deny said allegations.

18.     As to the allegations contained in paragraph 18, Defendants deny said allegations.

19.     As to the allegations contained in paragraph 19, Defendants admit that the Sonoma County Sheriff's Office Sheriff-Coroner determined that Decedent died on May 30, 2024 at 2:42 a.m. and was pronounced deceased by paramedic Uriel Guevara at the Marin County Jail, B-Pod, Cell 15 located at 13 Peter Behr Drive, San Rafael, CA 94903. Defendants deny the remaining allegations contained in this paragraph.

20.     As to the allegations contained in paragraph 20, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

21.     As to the allegations contained in paragraph 21, Defendants admit that Decedent was housed in B-Pod Cell 15 at the time of his death on May 30, 2024. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on this basis, deny said allegations.

22.     As to the allegations contained in paragraph 22, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

23.     As to the allegations contained in paragraph 23, Defendants admit that Decedent was held in the Marin County Jail in May 2024. Defendants deny the remaining allegations contained in this paragraph.

24.     As to the allegations contained in paragraph 24, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

25.     As to the allegations contained in paragraph 25, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

26.     As to the allegations contained in paragraph 26, Defendants deny the allegations contained in this paragraph.

27.     As to the allegations contained in paragraph 27, Defendants deny the allegations contained in this paragraph.

28.     As to the allegations contained in paragraph 28, Defendants admit that Decedent died of natural causes on or about May 30, 2024. Defendants deny the remaining allegations contained in this paragraph.

29.     As to the allegations contained in paragraph 29, Defendants admit that Decedent died of natural causes on or about May 30, 2024. Defendants deny the remaining allegations contained in this paragraph.

30.     As to the allegations contained in paragraph 30, Defendants admit that Decedent died of natural causes on or about May 30, 2024. Defendants deny the remaining allegations contained in this paragraph.

31.     As to the allegations contained in paragraph 31, Defendants deny the allegations contained in this paragraph.

32.     As to the allegations contained in paragraph 32, Defendants admit that Decedent was held

in the Marin County Jail in May 2024. Defendants deny the remaining allegations contained in this paragraph.

33.     As to the allegations contained in paragraph 33, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

34.     As to the allegations contained in paragraph 34, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

35.     As to the allegations contained in paragraph 35, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

36.     As to the allegations contained in paragraph 36, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

37.     As to the allegations contained in paragraph 37, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

38.     As to the allegations contained in paragraph 38, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

39.     As to the allegations contained in paragraph 39, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin

County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

40.     As to the allegations contained in paragraph 40, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

41.     As to the allegations contained in paragraph 41, Defendants deny said allegations.

42.     As to the allegations contained in paragraph 42, Defendants deny said allegations.

43.     As to the allegations contained in paragraph 43, Defendants deny said allegations.

44.     As to the allegations contained in paragraph 44, Defendants deny said allegations.

45.     As to the allegations contained in paragraph 45, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

46.     As to the allegations contained in paragraph 46, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

47.     As to the allegations contained in paragraph 47, Defendants deny said allegations.

48.     As to the allegations contained in paragraph 48, Defendants admit that incarcerated persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody Manual. Defendants deny the remaining allegations contained in this paragraph.

49.     As to the allegations contained in paragraph 49, the County of Marin admits that a government claim from plaintiff was presented to the County of Marin on or about October 16, 2024. Defendants deny the remaining allegations contained in this paragraph.

50.     As to the allegations contained in paragraph 50, the County of Marin denies said allegations.

**DAMAGES**

51.    As to the allegations contained in paragraph 51, Defendants deny said allegations.

52.    As to the allegations contained in paragraph 52, Defendants deny said allegations.

53.    As to the allegations contained in paragraph 53, Defendants deny said allegations.

**FIRST CLAIM FOR RELIEF**

54.    As to the allegations contained in paragraph 54, Defendants incorporate each and every answer to paragraphs 1 through 53 of plaintiff's complaint, as if set forth in full.

55.    As to the allegations contained in paragraph 55, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

56.    As to the allegations contained in paragraph 56, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

57.    As to the allegations contained in paragraph 57, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

58.    As to the allegations contained in paragraph 58, Defendants deny said allegations.

59.    As to the allegations contained in paragraph 59, Defendants deny said allegations.

60.    As to the allegations contained in paragraph 60, Defendants deny said allegations.

61.    As to the allegations contained in paragraph 61, Defendants deny said allegations.

62.    As to the allegations contained in paragraph 62, Defendants deny said allegations.

63.    As to the allegations contained in paragraph 63, Defendants deny said allegations.

64.    As to the allegations contained in paragraph 64, Defendants deny said allegations.

**SECOND CLAIM FOR RELIEF**

65.    As to the allegations contained in paragraph 65, Defendants incorporate each and every answer to paragraphs 1 through 64 of plaintiff's complaint, as if set forth in full.

66.    As to the allegations contained in paragraph 66, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph,

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 4:25-CV-04227-JST

1    and on that basis deny each and every allegation contained therein.

2        67.    As to the allegations contained in paragraph 67, Defendants respond that the allegations

3    contained in this paragraph are legal contentions to which no response is required. To the extent a

4    response is required, Defendants deny said allegations.

5        68.    As to the allegations contained in paragraph 68, Defendants admit that incarcerated

6    persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin

7    County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody

8    Manual. Defendants deny the remaining allegations contained in this paragraph.

9        69.    As to the allegations contained in paragraph 69, Defendants admit that incarcerated

10   persons are held at the Marin County Jail pursuant to the standards and procedures set forth in the Marin

11   County Sheriff's Office's Custody Procedure Manual and Marin County Sheriff's Office's Custody

12   Manual. Defendants deny the remaining allegations contained in this paragraph.

13       70.    As to the allegations contained in paragraph 70, Defendants deny said allegations.

14       71.    As to the allegations contained in paragraph 71, Defendants deny said allegations.

15       72.    As to the allegations contained in paragraph 72, Defendants deny said allegations.

16       73.    As to the allegations contained in paragraph 73, Defendants deny said allegations.

17       74.    As to the allegations contained in paragraph 74, Defendants deny said allegations.

18       75.    As to the allegations contained in paragraph 75, Defendants deny said allegations.

19       76.    As to the allegations contained in paragraph 76, Defendants deny said allegations.

20       77.    As to the allegations contained in paragraph 77, Defendants deny said allegations.

21       78.    As to the allegations contained in paragraph 78, Defendants deny said allegations.

22                              **THIRD CLAIM FOR RELIEF**

23       79. As to the allegations contained in paragraph 79, Defendants incorporate each and every

24       80.    As to the allegations contained in paragraph 79, Defendants incorporate each and every

25   answer to paragraphs 1 through 78 of plaintiff's complaint, as if set forth in full.

26       81.    As to the allegations contained in paragraph 80, Defendants respond that the allegations

27   contained in this paragraph are legal contentions to which no response is required. To the extent a

28   response is required, Defendants deny said allegations.

82.     As to the allegations contained in paragraph 81, Defendants deny said allegations.

83.     As to the allegations contained in paragraph 82, Defendants deny said allegations.

84.     As to the allegations contained in paragraph 83, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

85.     As to the allegations contained in paragraph 84, Defendants deny said allegations.

86.     As to the allegations contained in paragraph 85, Defendants deny said allegations.

87.     As to the allegations contained in paragraph 86, Defendants deny said allegations.

88.     As to the allegations contained in paragraph 87, Defendants deny said allegations.

89.     As to the allegations contained in paragraph 88, Defendants deny said allegations.

90.     As to the allegations contained in paragraph 89, Defendants deny said allegations.

91.     As to the allegations contained in paragraph 90, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

92.     As to the allegations contained in paragraph 91, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

**FOURTH CLAIM FOR RELIEF**

93.     As to the allegations contained in paragraph 92, Defendants incorporate each and every answer to paragraphs 1 through 91 of plaintiff's complaint, as if set forth in full.

94.     As to the allegations contained in paragraph 93, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

95.     As to the allegations contained in paragraph 94, Defendants deny said allegations.

96.     As to the allegations contained in paragraph 95, Defendants deny said allegations.

97.     As to the allegations contained in paragraph 96, Defendants deny said allegations.

98.     As to the allegations contained in paragraph 97, Defendants deny said allegations.

99.     As to the allegations contained in paragraph 98, Defendants deny said allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 4:25-CV-04227-JST

100.    As to the allegations contained in paragraph 99, Defendants deny said allegations.

101.    As to the allegations contained in paragraph 100, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

102.    As to the allegations contained in paragraph 101, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

<b>FIFTH CLAIM FOR RELIEF</b>

103.    As to the allegations contained in paragraph 102, Defendants incorporate each and every answer to paragraphs 1 through 101 of plaintiff's complaint, as if set forth in full.

104.    As to the allegations contained in paragraph 103, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

105.    As to the allegations contained in paragraph 104, Defendants deny said allegations.

106.    As to the allegations contained in paragraph 105, Defendants deny said allegations.

107.    As to the allegations contained in paragraph 106, Defendants deny said allegations.

108.    As to the allegations contained in paragraph 107, Defendants deny said allegations.

109.    As to the allegations contained in paragraph 108, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

110.    As to the allegations contained in paragraph 109, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

<b>SIXTH CLAIM FOR RELIEF</b>

111.    As to the allegations contained in paragraph 110, Defendants incorporate each and every answer to paragraphs 1 through 109 of plaintiff's complaint, as if set forth in full.

112.    As to the allegations contained in paragraph 111, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph,

1    and on that basis deny each and every allegation contained therein.

2        113.    As to the allegations contained in paragraph 112, Defendants deny said allegations.

3        114.    As to the allegations contained in paragraph 113, Defendants deny said allegations.

4        115.    As to the allegations contained in paragraph 114, Defendants admit that defendants Jorge

5    Yauger, Brian Johnson, Dustin Yeager, and Juliet De La Cruz were not disciplined, reprimanded,

6    retrained, suspended, or otherwise penalized in connection with the death of the Decedent on or about

7    May 30, 2024. Defendants deny the remaining allegations contained in this paragraph, including that

8    any deprivation of Decedent's rights occurred.

9        116.    As to the allegations contained in paragraph 115, Defendants deny said allegations.

10            a.        As to the allegations contained in sub-paragraph a, Defendants deny said

11                    allegations.

12            b.        As to the allegations contained in sub-paragraph b, Defendants deny said

13                    allegations.

14            c.        As to the allegations contained in sub-paragraph c, Defendants deny said

15                    allegations.

16            d.        As to the allegations contained in sub-paragraph d, Defendants deny said

17                    allegations.

18            e.        As to the allegations contained in sub-paragraph e, Defendants deny said

19                    allegations.

20            f.        As to the allegations contained in sub-paragraph f, Defendants deny said

21                    allegations.

22            g.        As to the allegations contained in sub-paragraph g, Defendants deny said

23                    allegations.

24            h.        As to the allegations contained in sub-paragraph h, Defendants deny said

25                    allegations.

26            i.        As to the allegations contained in sub-paragraph i, Defendants deny said

27                    allegations.

28            j.        As to the allegations contained in sub-paragraph j, Defendants deny said

allegations.

k.   As to the allegations contained in sub-paragraph k, Defendants deny said allegations.

l.   As to the allegations contained in sub-paragraph l, Defendants deny said allegations.

m.   As to the allegations contained in sub-paragraph m, Defendants deny said allegations.

n.   As to the allegations contained in sub-paragraph n, Defendants deny said allegations.

o.   As to the allegations contained in sub-paragraph o, Defendants deny said allegations.

p.   As to the allegations contained in sub-paragraph p, Defendants deny said allegations.

117.   As to the allegations contained in paragraph 116, Defendants deny said allegations.

118.   As to the allegations contained in paragraph 117, Defendants deny said allegations.

119.   As to the allegations contained in paragraph 118, Defendants deny said allegations.

120.   As to the allegations contained in paragraph 119, Defendants deny said allegations.

121.   As to the allegations contained in paragraph 120, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

122.   As to the allegations contained in paragraph 121, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

**SEVENTH CLAIM FOR RELIEF**

123.   As to the allegations contained in paragraph 122, Defendants incorporate each and every answer to paragraphs 1 through 121 of plaintiff's complaint, as if set forth in full.

124.   As to the allegations contained in paragraph 123, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a

response is required, Defendants deny said allegations.

125. As to the allegations contained in paragraph 124, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

126. As to the allegations contained in paragraph 125, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

127. As to the allegations contained in paragraph 126, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

128. As to the allegations contained in paragraph 127, Defendants deny said allegations.

129. As to the allegations contained in paragraph 128, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

130. As to the allegations contained in paragraph 129, Defendants deny said allegations.

131. As to the allegations contained in paragraph 130, Defendants deny said allegations.

132. As to the allegations contained in paragraph 131, Defendants deny said allegations.

133. As to the allegations contained in paragraph 132, Defendants deny said allegations.

134. As to the allegations contained in paragraph 133, Defendants deny said allegations.

135. As to the allegations contained in paragraph 134, Defendants deny said allegations.

136. As to the allegations contained in paragraph 135, Defendants deny said allegations.

137. As to the allegations contained in paragraph 136, Defendants deny said allegations.

138. As to the allegations contained in paragraph 137, Defendants deny said allegations.

139. As to the allegations contained in paragraph 138, Defendants deny said allegations.

140. As to the allegations contained in paragraph 139, Defendants deny said allegations.

## EIGHTH CLAIM FOR RELIEF

141. As to the allegations contained in paragraph 140, Defendants incorporate each and every answer to paragraphs 1 through 139 of plaintiff's complaint, as if set forth in full.

142.    As to the allegations contained in paragraph 141, Defendants deny said allegations.

143.    As to the allegations contained in paragraph 142, Defendants deny said allegations.

    a.    As to the allegations contained in sub-paragraph a, Defendants deny said allegations.

    b.    As to the allegations contained in sub-paragraph b, Defendants deny said allegations.

    c.    As to the allegations contained in sub-paragraph c, Defendants deny said allegations.

    d.    As to the allegations contained in sub-paragraph d, Defendants deny said allegations.

    e.    As to the allegations contained in sub-paragraph e, Defendants deny said allegations.

    f.    As to the allegations contained in sub-paragraph f, Defendants deny said allegations.

    g.    As to the allegations contained in sub-paragraph g, Defendants deny said allegations.

    h.    As to the allegations contained in sub-paragraph h, Defendants deny said allegations.

    i.    As to the allegations contained in sub-paragraph i, Defendants deny said allegations.

    j.    As to the allegations contained in sub-paragraph k, Defendants deny said allegations.

    k.    As to the allegations contained in sub-paragraph k, Defendants deny said allegations.

    l.    As to the allegations contained in sub-paragraph l, Defendants deny said allegations.

144.    As to the allegations contained in paragraph 143, Defendants deny said allegations.

145.    As to the allegations contained in paragraph 144, Defendants respond that the allegations

contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

146.    As to the allegations contained in paragraph 145, Defendants deny said allegations.

147.    As to the allegations contained in paragraph 146, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

148.    As to the allegations contained in paragraph 147, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

149.    As to the allegations contained in paragraph 148, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

## NINTH CLAIM FOR RELIEF

150.    As to the allegations contained in paragraph 149, Defendants incorporate each and every answer to paragraphs 1 through 148 of plaintiff's complaint, as if set forth in full.

151.    As to the allegations contained in paragraph 150, Defendants deny said allegations.

152.    As to the allegations contained in paragraph 151, Defendants deny said allegations.

153.    As to the allegations contained in paragraph 152, Defendants deny said allegations.

154.    As to the allegations contained in paragraph 153, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

155.    As to the allegations contained in paragraph 154, Defendants deny said allegations.

156.    As to the allegations contained in paragraph 155, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

157.    As to the allegations contained in paragraph 156, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

**TENTH CLAIM FOR RELIEF**

158.    As to the allegations contained in paragraph 157, Defendants incorporate each and every answer to paragraphs 1 through 156 of plaintiff's complaint, as if set forth in full.

159.    As to the allegations contained in paragraph 158, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

160.    As to the allegations contained in paragraph 159, Defendants respond that the allegations contained in this paragraph are legal contentions to which no response is required. To the extent a response is required, Defendants deny said allegations.

161.    As to the allegations contained in paragraph 160, Defendants deny said allegations.

162.    As to the allegations contained in paragraph 161, Defendants deny said allegations.

163.    As to the allegations contained in paragraph 162, Defendants deny said allegations.

164.    As to the allegations contained in paragraph 163, Defendants deny said allegations.

165.    As to the allegations contained in paragraph 164, Defendants deny said allegations.

166.    As to the allegations contained in paragraph 165, Defendants deny said allegations.

**PRAYER FOR RELIEF**

167.    In answer to the allegations within the Prayer for Relief section of plaintiff's complaint, Defendants deny said allegations.

**AFFIRMATIVE DEFENSES**

1.    **AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's causes of action fail to state facts sufficient to constitute a cause of action or any claim against Defendants.

2.    **AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's causes of action are barred by the doctrines of waiver, issue preclusion, collateral estoppel and/or res judicata.

3.    **AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's causes of action are barred for failure to exhaust administrative remedies. Defendants allege plaintiff has failed to pursue and/or exhaust other

administrative or legal remedies available against these defendants.

4. **AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that any and all acts or omissions of these answering defendants, or the agents or employees of the County of Marin, which allegedly caused the injuries or damages alleged in plaintiff's complaint, were acts in the greatest of good faith and without malice, in accordance with good practice, and pursuant to the apparent authority granted to them by statutory and decisional law.

5. **AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that they and any agents and/or employees of the County of Marin are not liable for any alleged damages by reason of the absolute immunity for acts taken in a legislative, prosecutorial and/or judicial capacity.

6. **AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that they are entitled to an absolute or qualified immunity to the extent that the conduct of Defendants, alleged by plaintiff, is mandated, authorized and/or directed by law, regulations, statutes, ordinances or acts of the County of Marin, the State of California or the United States of America.

7. **AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff has failed to mitigate any damages he allegedly suffered.

8. **AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff, by his actions and/or inactions, has waived plaintiff's rights to litigate the claims alleged in the complaint.

9. **AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that that they are immune from liability for any actions that transpired at the time and place of the events complained of by reason of the statutory immunities contained in California Government Code, Title I, Division 3.6, Part 2, Sections 810, *et seq.*, including but not limited to, Sections 815, 815.2(b), 815.6, 818, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821.6, and 822.2 and other applicable provisions of the California Government Code.

10. **AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that neither their acts, nor the acts of the agents/employees of the Defendants were a substantial or proximate cause of plaintiff's alleged injuries.

11. **AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's complaint is barred by the doctrine of laches, unclean hands and/or the after-acquired evidence doctrine.

12. **AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that they may be entitled to assert various privileges, immunities, and affirmative defenses as set forth in common law, statutes and the constitutions of the United States, the State of California and the California State Government Code, the California Tort Claims Act and/or various other statutory, regulation, or case law.  The full nature and extent of such affirmative defenses as applicable thereto are presently unknown to Defendants. Therefore, Defendants pray leave of this Honorable Court to amend this answer to allege the applicable, immunities, privileges and defenses when ascertained.

13. **AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, and each cause of action thereof, Defendants allege that plaintiff was careless and negligent in and about the matters and things set forth and described therein; that said carelessness and negligence of plaintiff proximately caused or contributed to the injuries and damages alleged by plaintiff; that the injuries and damages sustained by plaintiff, if any, were and are the proximate result of the said carelessness and negligence of plaintiff; and that by reason thereof the plaintiff's  damages must be diminished or extinguished in proportion to the degree of fault attributable to the plaintiff.

14. **AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, and each cause of action thereof, Defendants allege that any damages sustained by plaintiff, as alleged in the complaint, was caused by or contributed to by the intentional or negligent acts of persons or entities other than the Defendants, including the plaintiff.  In the event that any fault of the Defendants is found to have contributed to any such damages, plaintiff's recovery, if any, from the Defendants is limited to that percentage of plaintiff's damages which is equal

to the percentage by which the negligence or fault of the persons or entities other than the Defendants contributed to plaintiff's damages.

15. **AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that at the time and place set forth in the Complaint, plaintiff had knowledge of, appreciated and voluntarily assumed the risks incident to those matters and happenings alleged in said complaint. The damages, if any, alleged by plaintiff were caused and arose out of such risks so voluntarily assumed.

16. **AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's claims for damages are barred to the extent they exceed the scope of his claims submitted to the Marin County Board of Supervisors.

17. **AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's action is barred by his failure to comply with the provisions of the California Tort Claims Act, California Government Code §§ 810, *et seq.*

18. **AS AND FOR AN EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants acted in good faith with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiff.

19. **AS AND FOR A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants' actions were lawful and proper and in all respects were reasonable and legal.

20. **AS AND FOR A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, plaintiff was comparatively negligent for his damages, if any.

21. **AS AND FOR A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's Complaint, Defendants are informed and believe and thereon allege that plaintiff's claims are barred by all applicable statutes of limitation, including but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340.6, and 343.

22. **AS AND FOR A TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE**

**DEFENSE** to plaintiff's complaint, Defendants allege that if plaintiff suffered or sustained any loss, damage, or injury, that loss, damage, or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons, or entities, and that their negligence or wrongful conduct was an intervening and/or superseding cause of the loss, damage, or injury of which plaintiff complains.

23. **AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to plaintiff's complaint, Defendants allege that plaintiff's complaint, and each cause of action therein, is barred by the failure to join necessary parties.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1.    Plaintiff take nothing by way of this action;

2.    The Court deny each and every request for relief sought by plaintiff;

3.    The complaint be dismissed in its entirety, with prejudice, and judgment entered in favor of Defendants; and

4.    Defendants be awarded their costs of suit, attorneys' fees, and such other and further relief as the Court deems just and proper.


Dated: July 14, 2025                        OFFICE OF THE COUNTY COUNSEL
                                            COUNTY OF MARIN


                                    By:    _____
                                            Edward F. Sears
                                            Jacy C. Dardine
                                            Attorneys for Defendants
                                            COUNTY OF MARIN, JORGE YAUGER,
                                            BRIAN JOHNSON, DUSTIN YEAGER,
                                            and JULIET DE LA CRUZ