**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff* JANET LEEDS

BRIAN E. WASHINGTON, COUNTY COUNSEL
Edward F. Sears, Deputy County Counsel (SBN 297775)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Suite 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
ned.sears@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
COUNTY OF MARIN, JORGE YAUGER,
BRIAN JOHNSON, DUSTIN YEAGER, and
JULIET DE LA CRUZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET LEEDS, individually and as successor-in-interest to DECEDENT, DERREK LEEDS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN; JORGE YAUGER; BRIAN JOHNSON; DUSTIN YEAGER; JULIET DE LA CRUZ; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 4:25-cv-04227-JST<br><br>[*Honorable Jon S. Tigar*]<br><br>**JOINT RULE 26(f) CASE MANAGEMENT STATEMENT**<br><br>**Initial Case Management Conference**<br><br>Tuesday, September 9, 2025 at 2:00 p.m.<br>Via Zoom<br>Courtroom 6, 2nd Floor, United States District Court, 1301 Clay Street, Oakland, California. |

Pursuant to Federal Rule of Civil Procedure 26(f), this Court's Civil Standing Order, and the Standing Order for all Judges of the Northern District of California, the parties submit the following report, by and through their respective counsel of record.

**1.      Jurisdiction and Service:**

The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Defendants filed their answer on July 14, 2025. There is no issue with personal jurisdiction or venue. Defendant DOES 1-10 have not been served in this action.

**2.      Facts:**

**A.      Plaintiff's Brief Statement of Facts and Issues:**[1]

This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law including for in connection with the death of decedent Derrek Leeds, on May 30, 2024, while in custody under the failed care and protection of Defendants County of Marin and its officials at Marin County Jail. Plaintiff alleges the 43-year-old Decedent died as a result of his serious medical condition going untreated and ignored, a substantial risk that the individual Defendants knew or should have known could occur and by their reckless indifference-created danger, allowed to occur. Decedent suffered from a serious

---

[1] These facts are alleged without the benefit of Defendants' Rule 26 disclosures and some of these facts (identified by the Complaint) are alleged on information and belief.

medical condition, the symptoms of which were obvious, objectively displayed, and known, and for which Decedent requested care, which was not given to him and eventually caused his death due to the conditions of his confinement and lack of care. Defendants should have observed Decedent's signs and symptoms, should have recognized that these signs and symptoms indicated a substantial likelihood of harm or death to Decedent, and should have had Decedent evaluated by on-site professional medical personnel or transported Decedent to the hospital so that he would have been properly diagnosed, monitored, treated, and cared for. Decedent's serious medical condition was retroperitoneal hematoma (the collection of blood in the abdominal cavity) and hemoperitoneum (bleeding in the abdominal cavity), of which he died as a result of the lack of care thereof.

On May 16, 2025, Plaintiff filed her Complaint for Damages. (Doc. 1.) On July 14, 2025, the Defendants filed their Answer. (Doc. 18.) Plaintiff brings the following claims for relief against Defendants pursuant to 42 U.S.C. §1983: (1) Denial of Familial Relationship; (2) Failure to Protect/Denial of Medical Care; (3) Supervisor Liability; (4) Failure to Train; (5) Ratification; (6) Unconstitutional Custom, Practice, or Policy; and (7) violation of the Americans with Disabilities Act. Plaintiff brings the following claims for relief pursuant to state law: (8) Negligence; (9) failure to summon medical care; and (10) Violation of the Bane Act (Cal. Civ. Code § 52.1).

B.   **Defendants' Brief Statement of Facts and Issues:**

Defendants deny Plaintiff's allegations.

**3.   Legal Issues:**

The key legal issue in this case as follows: (1) whether Defendants interfered with Plaintiff's familial relationship with Decedent within the meaning of the Fourteenth Amendment; (2) whether Defendant failed to protect and/or were deliberately indifferent to the serious medical need of Decedent within the meaning of the Fourteenth Amendment; (3) whether County Supervisors are liable for

contribution to the deprivation of Constitutional rights; (4) whether Defendant County failed to properly train its officials; (5) whether Defendant County ratified a constitutional violation; (6) whether Defendant County maintained an unconstitutional custom, practice, or police; (7) whether Defendants violated the ADA; (8) whether Defendants were negligent towards Decedent; (9) whether Defendants failed to summon medical care under state law; (10) whether Decedent's rights under California's Bane Act (Cal. Civ. Code §52.1); (11) the nature and extent of Plaintiffs damages; and (12) whether any individual Defendant's conduct gives rise to punitive damages.

**4.     Motions:**

There are no prior or pending motions.

    **A.     Plaintiff's statement regarding dispositive motions.**

Plaintiff believes that the Defendants' liability may be determined by motion for summary judgement. Plaintiff reserves the right to file a motion for summary judgment/adjudication in Plaintiff's favor and would oppose any dispositive motion.

Plaintiff believes that there may be issues to be determined by motion *in limine* based on information attained during discovery, including information unknown to the individual Defendant officials at the time.

    **B.     Defendants' statement regarding dispositive motions.**

Defendants anticipate filing a Motion for Summary Judgment or, alternatively, for Summary Adjudication.

**5.     Amendment of Pleadings:**

Per Plaintiff, after review of the discovery material, Plaintiff will be able to determine the identity of any County official involved and whether there were any other officials responsible for the violation of Plaintiff's and/or Decedent's right, and/or ascertain the names of those officials who otherwise violated the rights of Plaintiff and/or Decedent. Depending on that review, Plaintiff anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the

documents produced during discovery by Defendants reveal that any other official was an integral participant in, failed to intervene in, or were somehow otherwise responsible for the violation of Decedent's/Plaintiff's constitutional and state law rights. Plaintiff proposes that the deadline for amending the pleadings should be no earlier than 90 days from the receipt of the discovery documents from Defendants.

**6.   Evidence Preservation:**

The parties certify that counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.   Disclosures:**

Counsel for the parties met and conferred on August 6, 2025.

The parties have exchanged initial disclosures by August 27, 2025 by agreement.

There have been no disclosures made as of the filling of this Statement.

**8.   Discovery:**

   **A.   Discovery Taken to Date:**

There has been no discovery taken to date.

   **B.   Scope of Anticipated Discovery:**

      *i.   Plaintiff's Statement:*

Plaintiff anticipates conducting discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiff and Decedent's claims as set forth above, to include information related to Defendants' training and policies. Plaintiff will also conduct discovery related to damages, including punitive damages. Plaintiff will conduct discovery through written requests for admission, requests for production, interrogatories, depositions, and subpoenas as necessary.

        *ii.*      *Defendants' Statement:*

Defendants anticipate performing the following discovery: (1) written discovery, (2) obtain Decedent's medical records, (3) obtain Decedent's employment and financial records, (4) complete Plaintiff's deposition and depositions of percipient witnesses, and (5) complete an independent mental health examination of Plaintiff to the extent that Plaintiff's mental health is "in controversy" pursuant to FRCP 35(a)(1).

**C.    Issues with Privilege or Protection:**

The parties do not anticipate that significant privilege issues will arise during discovery. Given that relevant documents require protection from public view, such as medical records and personal/personnel files, the parties have met and conferred and anticipate filing a stipulated protective order.

**D.    Changes to the Limitations on Discovery:**

The parties do not anticipate any other changes to the limitations on discovery imposed under the Federal Rules or by Local Rules.

**E.    Proposed Discovery Plan:**

Plaintiff proposes that discovery be conducted in two phases: (i) fact discovery, and (ii) expert discovery. The parties do not anticipate any changes to the timing, form, or requirement of disclosures under Rule 26(a), and do not anticipate any changes to the limitations on discovery imposed by the local rules or the federal rules at this time.

**F.    Identified Discovery Disputes:**

There are currently no discovery disputes.

**9.    Class Action:**

Not applicable here.

**10.    Related Cases:**

There is no related case to the parties' knowledge.

**11. Relief:**

    **A.  Plaintiff's Statement of Relief Sought:**

Plaintiff seeks compensatory damages according to proof at trial under federal and state law for his individual damages suffered as a result of the death of her son, including survival damages and wrongful death damages. Plaintiff seeks punitive and exemplary damages against the individual Defendant officials, statutory attorneys' fees, costs, and interests incurred.

A realistic range of provable damages is in excess of $5,000,000 based on what a reasonable jury may award Plaintiff and Decedent.

    **B.  Defendants Contention on Damages Calculation:**

Defendants contend that Plaintiff is not entitled to any relief or monetary damages in this action.

**12. Settlement and ADR:**

    **A.  Possibility of Settlement:**

The parties are open to settlement discussions and early resolution. The parties have not had any substantive discussions related to settlement at this time. However, the parties have discussed mutual interest in conducting private mediation after initial discovery.

    **B.  ADR Plan and Compliance with Local Rule 3-5:**

The parties are agreeable to private mediation. The parties propose that the deadline to conduct the ADR session be July 1, 2026. The parties have complied with Local Rule 3-5.

    **C.  Description of Necessary Procedures to Position the Parties to Negotiate Resolution:**

        *i.  Plaintiff's Statement:*

Plaintiff believes that the case is currently in a position to negotiate resolution given the nature and extent of the harm suffered and the condition of confinement during the incident.

         *ii.*    *Defendants' Statement:*

Defendants will be prepared to enter into early resolution negotiations after completing initial discovery.

**13. Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14. Narrowing of Issues:**

Plaintiff believes that issues related to amendment of the pleadings after a short time of discovery can be accomplished by agreement and stipulation of the parties. Given that disclosures have not been exchanged and discovery has not started, the parties believe it is premature to make any suggestions related to expedition of evidence at trial or to make any request to bifurcate.

**15. Scheduling:**

The parties propose the following schedule:

| Event | Joint Proposed Date |
|---|---|
| Initial Rule 26(a) Disclosures | August 27, 2025 |
| Joint Case Management Statement | September 2, 2025 |
| Email participants to ICMC | September 8, 2025 |
| Initial Case Management Conference | September 9, 2025 (Tues. at 2:00 pm) |
| Deadline to Amend Pleadings | November 10, 2025 |
| ADR Cut-Off | July 1, 2026 |
| Fact Discovery Cut-Off | August 21, 2026 |
| Initial Expert Disclosures | August 28, 2026 |
| Rebuttal Expert Disclosures | September 18, 2026 |
| Expert Discovery Cut-Off | October 2, 2026 |
| D/L to File Dispositive Motion | October 8, 2026 |

| | |
|---|---|
| D/L to File Opposition to Motion | October 22, 2026 |
| D/L to File Reply to Motion | November 5, 2026 |
| D/L to Hear Dispositive Motion | November 19, 2026 (Thurs. at 2:00 pm) |
| Meeting and Disclosure Prior to Pretrial Conference | January 4, 2027 |
| Joint Exchange of Exhibits | January 4, 2027 |
| Meeting regarding Objections to Exhibits | January 8, 2027 |
| D/L to File Motions *in Limine* | January 11, 2027 |
| D/L to File Motion *in Limine* Oppositions | January 18, 2027 |
| Joint Pretrial Statement | January 25, 2027 |
| D/L to File Voir Dire Questions, Proposed Jury Instructions, and Proposed Verdict Forms | January 25, 2027 |
| Trial Briefs | January 25, 2027 |
| Pretrial Conference | February 1, 2027 |
| Deadline to Deliver Exhibits | February 22, 2027 |
| Jury Trial | March 1, 2027 (Mon.-Thurs. at 8:00 am) |

**16.   Trial:**

The parties have discussed trial and estimate that this trial will take 5-7 days, not including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. Pursuant to the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury.

/ / /

**17.    Disclosures of Non-Party Interested Entities or Persons:**

Pursuant to Civil L.R. 3-15, the Plaintiff certifies that as of this date, there is no conflict of interest (other than the named parties) to report.

Defendants are exempt from filing a Certification of Conflicts and Interested Entities or Persons pursuant to Civil L.R. 3-15.

**18.    Professional Conduct:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct of the Northern District of California.

**19.    Other Matters:**

The parties agree to conduct remote/Zoom depositions to facilitate the just, speedy and inexpensive disposition of this matter.

**Respectfully submitted,**

DATED:  September 2, 2025        **LAW OFFICES OF DALE K. GALIPO**

By: _/s/        Marcel F. Sincich_
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq. [2]
*Attorneys for Plaintiff* JANET LEEDS

DATED:  September 2, 2025        **OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN**

By: __/s/     Edward F. Sears__
Edward F. Sears
Jacy C. Dardine
Attorneys for Defendants COUNTY OF MARIN, JORGE YAUGER, BRIAN JOHNSON, DUSTIN YEAGER, and JULIET DE LA CRUZ

---

[2] I, Marcel F. Sincich, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Joint Scheduling Conference Report and have authorized its filing.